UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. 2:06-MJ-84 |
| | ) | |
| HORACE HATCHER | ) | |

## REPORT AND RECOMMENDATION

Mr. Horace Benson Hatcher was convicted in this court on August 17, 2006, of attempted theft of property having a value not exceeding $1,000.00, in violation of 18 U.S.C. § 661.[1] Mr. Hatcher has now filed a motion or petition under 28 U.S.C. § 2255 in which he requests that his conviction be vacated. (Doc. 21).

Mr. Hatcher, who was represented by attorney Nikki Pierce of Federal Defender Services of East Tennessee, entered a plea of guilty to the attempted theft charge on August 17, 2006. In his motion, Mr. Hatcher maintains that his guilty plea was involuntarily and "unlawfully induced," and that he entered that plea without understanding the nature or consequences of it. He asserts that he was induced to plead guilty on the basis of a "promise of leniency" given him in return for his cooperation in the investigation of a man named Aquad Mallory regarding the offenses of murder, counterfeiting, and sales of controlled substances. Mr. Hatcher contends that Assistant United States Attorney Nancy Harr and this magistrate judge failed to keep their promise of leniency.

---

[1] Doc. 20.

From the face of Mr. Hatcher's motion or petition, it is noted that is now confined in Northwest Correctional Complex, a state institution. Mr. Hatcher is <u>not</u> confined there under this court's sentence of incarceration. Indeed, as the judgment in this case reveals, on August 17, 2006, Mr. Hatcher was sentenced to "time served," and there was no imposition of a fine. Section 2255 of Title 18 provides that "[a] prisoner *in custody* under sentence of a court . . . claiming the right to be released . . ., may move the court which imposes sentence to vacate, set aside, or correct the sentence." (italics supplied). Mr. Hatcher is not "in custody" by virtue of any sentence imposed by this court; therefore, § 2255 is not available to him.

Further, this magistrate judge recalls well the circumstances surrounding Mr. Hatcher's plea of guilty to the charge of attempted theft of property from the Veterans Administration Retail Store in Johnson City, Tennessee. The magistrate judge engaged Mr. Hatcher in a thorough and detailed colloquy regarding his rights, and which of those rights he would surrender by virtue of entering a plea of guilty. He also assured the court that he was entering his plea of guilty voluntarily, and that no inducement or promises of any kind had been made to him to persuade him to enter that plea when in fact he would prefer not to plead guilty. In the instant petition, of course, he now asserts that he made a false representation to the court in that regard, i.e., he now says that he was promised something ("leniency") in return for his assistance in the investigation of someone named Aquad Mallory regarding charges of murder, counterfeiting, etc. He also intimates that the magistrate judge somehow was a party to the promise of leniency made to him in return for his cooperation. As already noted, Mr. Hatcher assured the magistrate judge that there had

been no promises of any kind made to him in return for his plea of guilty. Logically, Mr. Hatcher's allegations make no sense. He was sentenced to time served, with no fine. Thus, the only thing more lenient that could have been imposed was an outright dismissal of the charges. That being so, why would he have entered a plea of guilty to anything? What was the point?

In summation, Mr. Hatcher is not in federal custody, and has not been since August 17, 2006, and therefore § 2255 is unavailable to him. Therefore, it is recommended that his motion (Doc. 21) be denied.[2]

Respectfully submitted,

       s/ Dennis H. Inman
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).